**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CINDY VAZQUEZ, individually and on behalf of the class defined below, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 13-cv-968 |
| v. | ) ) | |
| CONVERGENT OUTSOURCING, INC. | ) ) | |
| Defendant. | ) | JURY DEMAND |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Cindy Vazquez brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Convergent Outsourcing, Inc. ("Convergent") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").  The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA.   Plaintiff also brings a claim for violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits abusive and deceptive collection attempts.

2.      "Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, Slip Opinion, Case No. 10-1195 (United States Supreme Court January 18, 2012) (internal citations omitted).

3.      In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA and FDCPA.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), 47 U.S.C. § 227 (TCPA), and 15 U.S.C. § 1692k(d) (FDCPA).  Venue in this District is proper because defendant transacts business here, plaintiff resides here, and received the calls here.

## PARTIES

5.      Plaintiff Cindy Vazquez is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6.      Ms. Vazquez is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

7.      Defendant Convergent is a corporation chartered under Washington law with its principal offices in Renton, Washington. Convergent maintains a registered agent in Illinois.

8.      In late 2011, Convergent renamed some of its subsidiary companies to be consistent with the overall Convergent brand. Indeed, Convergent includes the company formerly known as E-R Solutions, Inc. *See* http://www.convergentusa.com/corporate/news.php?s=21

9.      Convergent provides consumer accounts receivables management services, including consumer collection services.

10.      Convergent is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(39).

11.      Convergent is licensed by the State of Illinois as a Collection Agency, with License Number 017020568.

12.      Convergent is engaged in the collection of debts from Illinois consumers using

the mail and telephone.

13.     Convergent regularly attempts to collect consumer debts alleged to be due another.

14.     Convergent was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

15.     As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

16.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

17.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

18.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

3

wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

19.     The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

20.     "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

## FACTS RELATING TO PLAINTIFF

21.     During the years prior to the filing of this complaint, Ms. Vazquez received several calls on her cellular telephone from Convergent.

22.     The calls Convergent placed to Ms. Vazquez's cellular telephone were placed using an automatic telephone dialing system.

23.     Convergent uses a telephone system that "calls numbers from a computer managed list and plays a pre-recorded message to the call recipient or answering machine with adevanced text to speech capability." *See* http://www.convergentusa.com/technology/?t=2.

24.      The calls from Convergent used an artificial or pre-recorded voice message, which indicated that Convergent was attempting to reach someone with the last name "Santiago." Ms. Vazquez was unable to decipher the first name of the person Convergent was attempting to reach.

25.     The messages from Convergent stated that if the recipient (Ms. Vazquez) was not Santiago, then she should press a specific number to indicate that she is not Santiago.

26.     After answering Convergent's calls, Ms. Vazquez complied several times with Convergent's instructions and pressed the specific number to indicate that she was not Santiago.

4

27.    Ms. Vazquez has never provided her cellular telephone number to Convergent.

28.    "During the transaction that resulted in the debt owed," Ms. Vazquez did not provide her cellular number to Convergent or the original creditor. Indeed, Ms. Vazquez was not the consumer Convergent was looking for.

29.    Ms. Vazquez did not otherwise provide express consent to receive calls by Convergent on her cellular telephone.

30.    Notwithstanding the fact that Ms. Vazquez did not provide the underlying creditor or Convergent with her cellular number, Convergent contacted Ms. Vazquez on her cellular telephone and continued to contact her after she notified Convergent that she was not Santiago.

31.    All telephone contact by Convergent to Ms. Vazquez on her cellular telephone occurred via a pre-recorded voice, and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

32.    The telephone number that Convergent used to contact plaintiff with an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

33.    The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the defendant to demonstrate that Ms. Vazquez provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

### COUNT I - TCPA – CLASS CLAIM (CELLULAR CALLS)

35.    Plaintiff incorporates the above factual allegations herein.

36.    Convergent made unsolicited commercial phone calls to the wireless

5

telephone number of plaintiff and the other members of the class using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, as evidenced by the pre-recorded nature of the calls.

37.     These phone calls were made without the prior express consent of plaintiff or the class.

38.     Convergent has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ."  As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

39.     Plaintiffs and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

40.     Plaintiff brings this claim on behalf of (1) all persons within the United States (2) who, on or after four years from the filing of this action and on or before twenty days from the filing of this action (3) received a non-emergency telephone call from Convergent to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and (4) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

41.     Excluded from the Class are Defendant and any entities in which Defendant

6

has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

42.     Plaintiff represents, and is a member of, the Class.

43.     Plaintiff does not know the exact number of members in the Class, but based upon the size of Convergent, plaintiff reasonably believes that class members number at minimum in the thousands.

44.     Convergent has caused actual injury and actual harm to Ms. Vazquez and all members of the class, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

45.     This Class Action Complaint seeks money damages and injunctive relief.

46.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Convergent.

47.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

            a.     Whether Convergent engaged in a pattern of using automated equipment to place calls to cellular telephones;

            b.     The manner in which Convergent obtained the cell phone numbers;

7

c.      Whether Convergent thereby violated the TCPA; and

d.      The appropriate relief.

48.      As a person who received calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the class.

49.      Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

50.      A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

51.      Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff Cindy Vazquez requests that the Court enter judgment in

8

favor of herself and the class members and against Defendant Convergent for:

   A.     Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

   B.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   C.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

   D.     Such other relief as the Court deems just and proper.

### COUNT II - FDCPA – INDIVIDUAL CLAIM

52.     Plaintiff incorporates the above factual allegations herein.

53.     Convergent's practice of placing calls to Ms. Vazquez's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent, was harassing and annoying. Because plaintiff kept her cellular telephone on or around her person everyday, she was unable to avoid defendant's calls. Additionally, Defendant repeatedly called Ms. Vazquez's cellular telephone even though she was not the intended recipient, and she indicated as such by pressing the number as instructed by Defendant's message.

54.     Defendant violated the FDCPA, 15 U.S.C. § 1692d and 1692d(5) by attempting to harass and annoy Ms. Vazquez by calling her cellular telephone without her consent and in violation of the TCPA.

WHEREFORE, Plaintiff Cindy Vazquez requests that the Court enter judgment in favor of herself and against Defendant Convergent for:

      a.     Statutory damages;
      b.     Attorney's fees, litigation expenses and costs of suit;
      c.     Such other or further relief as the Court deems appropriate.

Respectfully submitted,
Cindy Vazquez, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh